UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND,<br><br>        Petitioner,<br><br>v.<br><br>ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>        Respondent. | Case No.: 17cv2570-GPC (JLB)<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE PETITION WITHOUT PREJUDICE** |

  Petitioner, a state prisoner proceeding pro se, has submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. Although the Court grants Petitioner leave to proceed in forma pauperis, the Petition is subject to dismissal without prejudice due to Petitioner's failure to name a proper Respondent, failure to state a claim cognizable on federal habeas, and failure to allege exhaustion of state court remedies.

## **MOTION TO PROCEED IN FORMA PAUPERIS**

  Petitioner has no funds on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court grants Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay

1

fees or costs and without being required to post security. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

## **FAILURE TO NAME PROPER RESPONDENT**

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "Typically, that person is the warden of the facility in which the petitioner is incarcerated." Id. Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id.

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v. Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d at 895.

Here, Petitioner has incorrectly named "Attorney General of the State of California," as Respondent. The Attorney General of the State of California is not a proper respondent in this action. Rule 2 of the Rules following § 2254 provides that the state officer having

custody of the petitioner shall be named as respondent. Rule 2(a), 28 U.S.C. foll. § 2254. However, "[i]f the petitioner is not yet in custody – but may be subject to future custody – under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered." Rule 2 (b), 28 U.S.C. foll. § 2254. Here, there is no basis for Petitioner to have named the Attorney General as a Respondent in this action. In order for this Court to entertain the Petition, Petitioner must name the warden in charge of the state correctional facility in which he is presently confined or the Director of the California Department of Corrections and Rehabilitation. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## **FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM**

Additionally, Petitioner has failed to allege that his current confinement violates the Constitution of the United States. Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added). See Hernandez v. Ylst, 930 F.2d 714, 719 (9th Cir. 1991); Mannhalt v. Reed, 847 F.2d 576, 579 (9th Cir. 1988); Kealohapauole v. Shimoda, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a).

Here, Petitioner alleges the state court failed to prove "its jurisdiction over Petitioner's being and/or property." (Pet. at 6.) In no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

# **FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

Finally, Petitioner has failed to allege exhaustion of his state court judicial remedies. Habeas petitioners who wish to challenge either their state court conviction or the length of their state confinement, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Id. at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." Id. at 366 (emphasis added).

Petitioner does not allege that he raised his claim in the California Supreme Court. In fact, he indicates that he has not presented his claim to that court. (See Pet. at 4, 6.) If Petitioner has raised his claim in the California Supreme Court he must so specify. The burden of proving that a claim has been exhausted lies with the petitioner. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

The Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). But see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings.") However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not named a proper Respondent, has not stated a cognizable federal claim and has not alleged exhaustion of state court remedies.

## CONCLUSION AND ORDER

Based on the foregoing, the Court **DISMISSES** this action without prejudice because Petitioner has failed to name a proper Respondent, failed to state a cognizable federal claim and failed to allege exhaustion of state court remedies. To have this case reopened, Petitioner must, **no later than February 28, 2018,** file a First Amended Petition which cures the defects of pleading identified in this Order. The Clerk of Court shall send

a blank Southern District of California amended petition form to Petitioner along with a copy of this Order.

**IT IS SO ORDERED.**

Dated: January 2, 2018

Hon. Gonzalo P. Curiel
United States District Judge

6
17cv2570-GPC (JLB)